IN THE DISTRICT COURT OF THE UNITED STATES RECEIVED

FOR THE MIDDLE DISTRICT OF ALABAMA MAR -1 A 9:26

NORTHERN DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

WILEY E. McGEE, AIS# 248056
            Plaintiff,                          )
                                                )
                                                )
                                                )
VS.                                             )      Case no: 2:07CV181-wha
                                                )
                                                )
PRISON HEALTH SERVICES, INC.,                   )
DOCTOR MICHAEL E ROBBINS,                       )
B. ADAMS, NURSE PRACTITIONER,                   )
LINDA LAWRENCE, NURSE ADMINISTRATOR, et al.,
RICHARD ALLEN, COMMISSIONER ALABAMA DEPT
OF CORRECTIONS, et al.,
            Defendants.


CIVIL RIGHTS COMPLAINT §1983 AND
APPLICATION FOR TEMPORARY RESTRAINING
ORDER AND/OR PRELIMINARY INJUNCTION
FOR GRATUITOUSLY WITHHOLDING
MEDICAL CARE


I.   INTRODUCTION


(1)

_PRELIMINARY STATEMENT_

1)    This is a civil Rights action filed by Wilie McBee, a state prisoner, for damages and injunctive relief under 42 U.S.C. §1983, alleging the threat and physical health condition that is real and proximate, and that the potential consequence is serious physical injury of the delay, denial and withholding being a denial of necessary medical care in violation of the Eighth Amendment to the United States Constitution, causing pain and discomfort as cruel and unusual punishment; And, the failure to carry out medical order. Plaintiff also alleges a tort of breach of duty, and intentional infliction of pain and discomfort.

   Pursuant to Rule 65, Fed. R. Civ. P., plaintiff request that the court issue its "Temporary Restraining order "And/or" Preliminary Injunction" to relieve plaintiff's pain and discomfort, and the obduracy and wantonness affliction of cruel and unusual punishment, And assure plaintiff receives proper medical attention, And that his need is provided by the defendants.

## II

## JURISDICTION

2. This suit is brought under the Eighth Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983. Jurisdiction over plaintiff's claim is conferred on this court by 28 U.S.C. §§ 1331, 1332 (A)(C) and 1343 (A)(B).

3. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367

4) The court has Diversity Jurisdiction of the controversy pursuant to 28 U.S.C. § 1332(C).

## III  VENUE

5. The Middle District of Alabama is an appropriate venue for this action under 28 U.S.C. § 1391(b)(1) because defendants in their official capacity reside in this district. See also, 28 U.S.C. § 1392(A). The Middle District of Alabama is also an appropriate venue under 28 U.S.C. § 1391(b)(2), and 1332(A)(C) because a "substantial part of the events or omissions giving rise to the claim "occurred" in this district; and, Prison Health Services, ("PHS") is a corporation deemed as a "person", conducting business in this state.

(3)

IV PARTIES

6. The plaintiff Wiley McGee is currently housed at Kilby Correctional Facility, Mt. Meigs, Alabama who is a 76 year old man who is a "Diabetic" and in poor health who has a history of medical problems including: two back surgies, Stroke, Colon Cancer, and has "swolen feet due to being a Diabetic" and cannot walk without pain and discomfort.

7. Defendant Prison Health Services, Inc., is a corporation that provides medical and administrative services, including physicians and other health-care professionals at the department of corrections by 'contract' and acts as an "agent" for purposes of §1983 is a "person" and "does business" by sufficient contact, and are sued in there "individual capacity" for "deliberate indifference" under color of law.

8. Defendant Michael E. Robbins is a doctor at Kilby prison employed by ('PHS'), he is sued in his "individual capacity" for "deliberate indifference" under "color of law" for his direct involvement to withhold necessary medical care.

④

9) Defendant B. Adams is a Nurse Practioner at Kilby prison who is employed by "PHS". He is sued in his "individual capacity" for "deliberate indifference" under color of law for his direct involvement to deny necessary medical care.

10) Defendant Linda Lawrence, is the Medical Administrator at Kilby prison, and is generally responsible for ensuring the provision of medical care to prisoners. She is sued in her "individual capacity" for deliberate indifference under color of law for her direct involvement to deny necessary medical care.

11) Defendant Richard Allen is Commissioner of the Alabama Dept of Corrections who has breached his duty imposed by State law, and has the duty for insuring that adequate funds are provided for meeting the medical needs of inmates, and solely responsible for providing medical care to those incarcerated in A.D.O.C., is sued in both his "official and individual capacity for deliberate indifference under color of law

(5)

FACTUAL ALLEGATIONS

FAILURE TO PROVIDE AND WITHHOLDING
MEDICAL CARE

12. On 10-06-06 plaintiff was issued a "Special
Needs" profile by Dr. Robbins for: "Inmate
bottom bunk need cane Light duty x 90 days".

13) On 8/28/06 plaintiff was issued a "Special
Needs" profile by Medical Nurse Practiotioner
B. Adams for: "Bottom Bunk, Wheelchair & Shower
Chair for 6 months..."

14) On or about 12/06 plaintiff's wheelchair was
recinded by Medical defendants.

15) On 1-28-07 plaintiff filed a Kilby Medical Grievance
"Inmate Informal Grievance" complaining of
Swollen feet and that plaintiff is unable
to properly walk, and has fallen on
two different occassions. On 1-31-07
Ms Lawrence responded to the grievance
That plaintiff needs to Sign up for
SickcAll. [See, Exhibit "F" Application TRO/Preliminary Injunction]

16) On 2/06/07 plaintiff signed up for
Sick-cAll complaining about his left foot
and leg and about some orthopedic-diabetic
Shoes to help him wALk.

(6)

[1]

2) On 2/8/07 Defendant B. Adams Nurse Practioner after examination of plaintiff's foot, prescribed a "Special Needs" profile: "Please allow patient to get a different pair of shoes if approved by A.D.O.C."
See Exhibit "A" [see Application for TRO Exhibit]

3) On 2/22/07 Defendant B. Adams issued another "Special Needs" profile stating:
"[Showee] "Slides profile X 7 days"
See Exhibit "B". [see, Application TRO Exhibits]

4) Plaintiff shows Exhibit "C" 8/28/06 defendants issued a special needs profile Reflecting a Wheelchair + Shower chair, and Exhibit "D" 10/06/06 "Need care" reviewing the medical conditions that plaintiff has trouble walking and standing due to "sores" of his feet. [see Application TRO Exhibits]

5) On 2/21/07 defendants denied plaintiff to receive diabetic-shoes or special orthopedic footwear that is clearly necessary to alleviate pain and discomfort and assist plaintiff to walk and stand.

[1]
All exhibits are attached in plaintiff's Application for TRO/Preliminary Injunction.

17) On 2/8/07 plaintiff was seen at sick-call by Defendant B Adams Nurse Practioner who then issued a "Special Needs" stating: "Please allow Patient to get a different pair of shoes if approved by A.D.O.C."

18 On 2/9/07 plaintiff spoke with Captain Bolling that he needed diabetic shoes because the nurse told him he needed shoes for the sores on his feet. Captain Bolling called B. Adams who reported to Captain Bolling's office and explained that Dr. Robbins said Medical would not supply plaintiff with Diabetic shoes. Captain Bolling said he would speak with Ms Lawrence about the matter.

19) On 2/21/07 plaintiff spoke with Ms. Lawrence at Outpatient Clinic at 3:50. concerning diabetic shoes.

20) On 2/21/07 Both Ms Lawrence And B Adams were present, and Ms Lawrence said: "I don't have to give you any diabetic shoes" And Mr B Adams said:

(5)

"We can either Cut your toes Off or
cut you shoes to fit".

21)  On 2/21/07 plaintiff hand mailed
directly into Ms. Lawrence hand
the language of the "Class Action"
Settlement Agreement pertaining to
"Diabetic Inmates" which states in
part:
    Michael Gaddis et al, v. Donald Campbell,
United States District Court Middle Division
Case Styled! CV-03-T-390-N!

    "Diabetic inmates shall receive a medically
appropriate foot exam with management in
accordance with ADA Standards initially And
as part of a regularly scheduled and formal
Chronic care clinic. Diabetic inmates shall
be provided appropriate footwear (i.e, Shoes
that fit and are able to protect their
feet from injury) by the ADOC, including
Special orthopedic footwear prescribed
by a physician or nurse practitioner. Foot
disorders shall be treated with timely Referral
for necessary specialty care, and appropriate
follow-up by the facility's professional

(8)

staff. Nursing procedures ordered by medical providers shall be provided on a schedule and frequency as ordered".

22) Plaintiff on 2/21/07 asked Ms Lawrence and B. Adams for shoes that fit and are able to protect his feet because he cannot walk without pain, and that plaintiff is not receiving any treatment for his feet. Ms Lawrence "denied" plaintiff's request for shoes, and treatment for the sores.

23) On 2/22/07 B. Adams issued another "Special Needs" profile for: [Shower]"Slides profile x 7 days".

24) As of 2/25/07 plaintiff is in pain and discomfort because of the sores on his feet and has been refused shoes and treatment due to his diabetic medical condition.

## DEFENDANT'S DELIBERATE INDIFFERENCE

25) Plaintiff was issued a "pink-slip" treatment daily for the sores on his feet, during the treatment several nurses explained to the plaintiff that plaintiff needs special "orthopedic-diabetic" shoes to relieve the pain and discomfort and to aid the healing of the sores on plaintiff's feet.

26. Since entry at Kilby prison defendants have been well aware of plaintiff's medical need, but have refused to provide reasonable competent care of that of another physician acting in the same or similar circumstance that even a layman would realize that plaintiff is in need of a doctor's attention.

27) On an unknown date plaintiff was receiving treatment for the sores on his feet, but treatment was discontinued.

28) Since 8/26/06 defendants have been aware of plaintiff's inability to walk without the use of proper aid, i.e., wheelchair, due to his foot injuries, but defendants have refused to provide necessary care.

(10)

29) On 2/8/07 Defendants Michael Robbins, And B. Adams refused to supply necessary diabetic footwear regardless of a Class Action Settlement pertaining to Court Order to provide "Diabetic Inmates" with "shoes that fit and which are able to protect their feet from injury.

30) On 2/20/07 Defendant L. Lawrence and B. Adams at 2/21/07 "outpatient clinic" step 2 grievance procedure, denied plaintiff's request for diabetic shoes stating: "We can cut your toes off, or cut your shoes."

## CAUSE OF ACTION

32. Plaintiff supports the following claims by reference to the previous paragraphs of this complaint.

## COUNT I

33) The defendant's deliberate indifference as to Michael Robbins, B. Adams, Linda Lawrence in the refusing/withholding, And denying to provide medical care once prescribed by a physician is so cursory as to amount to

(10)

no treatment at all amounts to deliberate indifference violating the Eighth Amendment to the United States Constitution.

## COUNT II

34. The Defendant's custom, practice or policy, and the failure to provide services acknowledged to be necessary amounts to deliberate indifference.

## COUNT III

35. The Defendant Richard Allen's practice, custom or policy and failure to provide funds for services by medical providers that has been acknowledged to be necessary amounts to deliberate indifference.

## COUNT IV

36 The defendant's direct involvement, acts or omissions to deny plaintiff necessary footwear deprived him of his rights under the Constitution.

(12)

## RELIEF REQUESTED

WHEREFORE, plaintiff request that the Court grant the following relief:

A. Issue a declaratory judgment stating that: "The refusal to provide plaintiff necessary diabetic-shoes, once prescribed by a physical on nurse practioner violated plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted deliberate indifference."

B. ISSUE AN INJUNCTION ordering defendants on their agents to:

D. Immediately arrange for the plaintiff to receive medically appropriate foot-exam with uncompliament in accordance with ADA Standards, and provide plaintiff with appropriate footwear (i.e., shoes that fit and which are able to protect his feet from injury by the A.D.O.C., including special orthopedic footwear, and immediately arrange the plaintiff to be examined by a orthopedic or other necessary qualified expert physician to examine plaintiff's injury to his feet, and carry out all orders, and follow-up treatment prescribed.

(13)

C. Declare that the acts and omissions described herein violated plaintiff's Rights under the Constitution and laws of the United States.

D. Enter a preliminary and permanent Injunction ordering Defendants Richard Allen, Prison Health Services, their successors, agents, employes and all persons acting in concert with them to provide necessary medical treatment to plaintiff's injury, in compliance with Michael Gaddis et al, v. Donald Campbell, CV-03-T-390-N Middle District United States District Court.

E. Enter Judgment in favor of plaintiff for nominal, compensatory in the amount of $80,000 and $200,000 punitive damages as allowed by law against each defendant jointly and severally.

F. Plaintiff invokes Discovery compliance with CV-03-T-390-N Gaddis v. Campbell, 18 U.S.C. § 3626 (N)(2)(B) Class Action Settlement.

(14)

Done this 26 day February 2007.

X    W. E. McGee

Willie McGee 248056

P.O. Box 150

Mt. Meigs Al 36057


Address of Defendants


Michael E. Robbins

B Adams          Kilby Correctional Facility

Linda Lawrence   P.O. Box 150

                 Mt Meigs, Al 36057


Prison Health Services, INC.

105 Westport Drive, Suite 200

Brentwood TN 37027


Richard Allen    Commissioner

Alabama Dept of Corrections

301 S. Ripley Street

Montgomery Al 36104.


(15)

Willie L. _____
Doom A1-12A
P.O. Box 150
Ut. Meigs, Al 36057

OFFICE OF THE Clerk
United States District Court
P.O Box 711
Montgomery, Alabama
36101-0711