IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE MIDDLE DISTRICT OF ALABAMA

MIDDLE DIVISION

RECEIVED

2007 MAR -1 A 9:26

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

WILEY McGEE, AIS # 248056,
            Plaintiff,

Vs

Case No: 2:07CV181-wha

PRISON HEALTH SERVICES, INC., et al,
            Defendants

APPLICATION FOR TEMPORARY RESTRAINING
ORDER "AND/OR PRELIMINARY INJUNCTION

Pursuant to Rule 65(A) Fed.R.Civ.P., plaintiff moves this Court to issue its temporary restraining order, and/or Preliminary injunction to ensure that plaintiff receives proper medical care; and for the reasons set forth below and in the supporting memorandum of law:

STATEMENT OF THE FACTS

1) As stated in the declaration submitted with this motion, and in conjunction with this civil rights action, there is a reasonable likelihood that plaintiff will prevail on the merits

(1)

As stated in the Complaint on 2/31/07 At the
Second step of the grievance process, plaintiff
Submitted "Exhibit E to Ms Lawrence, and explained
that there has been a Class Action Settlement
between the medical provider And the Department
of Corrections [p. 8 Complaint], entitled "Michael
Gaddis et al., v. Donald Campbell CV-03-T-390-N
United States District Court, Middle Division
Which tendentiously states:

"Diabetic inmates shall receive a medically
appropriate foot exam with monofilament in
accordance with ADA standards initially and
as part of a regularly scheduled and formal
chronic care clinic. Diabetic inmates shall
be provided appropriate footwear (i.e, shoes
that fit and are able to protect their
feet from injury) by the ADOC, including
special orthopedic footwear prescribed by
by a physician or nurse practioner.
Foot disorders shall be treated with
timely referral for necessary specialty
care, and appropriate followups by the
facility's professional Staff. Nursing
procedures ordered by medical providers
shall be provided on a schedule and frequency
as ordered." Exhibit "E."          (2)

2   Deliberate indifference to plantiff's serious medical needs violates the eighth amendment because denying, or delaying medical treatment is tantamount to "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. at 104, 97 S.Ct at 291; Washington v. Dugger, 860 F.2d 1018, 1021 (11th Cir. 1988).

3   Plaintiff is in pain and discomfort when walking or standing because of the sores on his feet. Plaintiff is a Diabetic, and this disease leads to sores on his feet and he must have proper shoes and foot treatment. See, Michael Gaddis et al., v. Donald Campbell, CV-03-T-390-N (M.D. Ala. 2003).

4   On 2/08/07 Nurse practioner prescribed plaintiff to receive a different pair of Shoes. See, Exhibits "A, B." "When officials became aware of a threat to an inmate's health and safety, the eighth amendment proscription against cruel and unusual punishment imposes a duty to provide reasonable protection." See, Brown v. Hughes, 894 F.2d 1533 (11th Cir. 1990). Hopkins v. Britton, 742 F.2d 1308, 1310 (11th Cir. 1984).

(3)

5  Plaintiff is a 76 year old male, with no one to depend on to provide appropriate shoes as proscribe by the nurse practioner. It is clearly established "An inmate must rely on prison authorities to treat his medical needs. The government therefore has an obligation to provide medical care for those whom it is punishing by incarceration". Estelle v. Gamble, 429 U.S. 97. On 2/8/07 B. Adams, the nurse practioner issued an order, Exhibit "Please allow Patient to get a different pair of shoes if approved by A.D.O.C." Then turn right around Exhibit "A B", issued another profile for shower "slides".

6)  On 2/21/07 defendants verbally "denied" plaintiff required diabetic shoes, and stated: " We can cut your toes off, or cut your shoes".
It is clearly established that knowledge of the need for medical care and intentional refusal to provide that care constituted deliberate indifference". E.g. Mandel v. Doe, 888 F.2d 783, 788 (11th Cir, 1989). See also, Ancata v. Prison Health Services, Inc., 769 F.2d 700, 704 (11th Cir, 1985)( knowledge to the need for medical care and intentional refusal to provide

(4)

to provide that care has consistently been held to surpass negligence and constitute deliberate indifference").

7. Plaintiff is a diabetic, with sores on his feet who cannot walk without proper shoes. "Prisoners must not be forced to endure needless suffering from the painful and untreated effects of an accident or serious illness." Estelle, 429 U.S. at 105 92 S.Ct at 291.

ISSUE NO. I

8. There is a substantial threat of irreparable harm if the injunction is not granted. The law is established in the Eleventh Circuit in Washington v. Dugger, 860 F.2d 1018, 1021 (11th Cir. 1988) following Estelle v. Gamble, 429 U.S. 97, 103, 92 S.Ct 285, 290 50 L.Ed 251 (1976) that a condition need not be life threatening to be deemed serious. First, "a medical need "is" 'serious' if it is one that has been diagnosed by a physician as mandating treatment." See, Hill v. DeKalb Reg'l Youth Detention Center, 40 F.3d 1176 (11th Cir. 1994) See, Exhibit "A"; Nurse Practioner. Request approval for different pair of shoes].

(5)

_Second_, "a need is serious if it is 'one that is
so obvious that even a lay person would
easily recognize the necessity for a doctor's
attention" _Third_, "a need is serious if it
causes pain." _Fourth_, if the medical
condition "significantly affects an individuals
daily acts," it may be deemed serious,
_Finally_, if the condition offers the possibility
of a life-long handicap or permanent
loss, it may be considered serious." See,
Hill v. DeKalb, supra; _Brown v. Hughes_, 894
F.2d 1533 (11th Cir. 1990).

9)    Plaintiff is a 26 year old man in poor health.
Plaintiff is a "Diabetic", clearly the set forth
factors have been satisfied that plaintiff
does have a "serious" medical need.
Besides that, moreover, a Class Action
Settlement in this Court is established
in _Michael Gaddis etal, v. Donald Campbell_,
CV-03-T-390-N (M.D. Ala, 20.) that plaintiff's
must be provided with necessary footwear,
and foot treatment.
      Plaintiff cannot walk without pain
and discomfort due to his injuries.

10) The threatened injury to plaintiff outweighs any harm the proposed injunction may cause defendants. The relief the plaintiff seeks is an order compelling the defendants to perform their preexisting duties under the U.S. Constitution. The law is established, deliberate indifference to a prisoner's serious medical needs violates the eighth amendment because denying or delaying medical treatment is tantamount to "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. at 104, 97 S.Ct at 291; Washington v. Dugger, 860 F.2d 1018, 1021 (11th Cir. 1988).

11) The public interest will not be disserved by a grant of a preliminary injunction. To the contrary, the public interest is well served by protecting the constitutional rights of all of its members.

(7)

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR A TEMPORARY RESTRAINING ORDER/
PRELIMINARY INJUNCTION

Plaintiff submits this memorandum of law in support of his motion for a temporary restraining order "and/or preliminary injunction.

In determining whether a TRO should issue, a court must consider whether the party seeking the injunction has demonstrated that: (1) it has a reasonable likelihood of success on the merits of the underlying claim; (2) no adequate remedy at law exists; (3) it will suffer irreparable harm if the preliminary injunction is denied; (4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary is granted; and, (5) the preliminary injunction will not harm the public interest. Ty, Inc. v. Jones Group, Inc., 237 F.3d 891, 895 (7th Cir. 2001)

A. The plaintiff is threatened with irreparable harm:

It is clearly established that knowledge of the need for medical care and intentional refusal to provide that care constituted deliberate indifference. E.g., Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989).    (8)

The plaintiff complains that he is a diabetic and must receive necessary medical treatment including medically appropriate foot exams with monofilament in accordance with ADA Standards, and be provided appropriate foot-wear (i.e., shoes that fit and which are able to protect his feet from injury. See, Michael Baddis et al., v. Donald Campbell, CV-03-T-390-N (M.D. Ala, 2003). Plaintiff has been denied both appropriate foot-exams, and appropriate foot-wear, and such footwear is necessary for all his daily activities. Exhibit "A" clearly reflects a nurse practitioner instructions for a different pair of shoes. Defendants stated on 2/21/07 "We can cut your toes off, or, cut your shoes". Defendant's conduct is a clear violation of the Eighth Amendment, Estelle v. Gamble, 429 U.S. 97, 115 97 S.Ct 283 (1976)(noting that "intentionally interfering with the treatment once prescribed" is a form of unlawful deliberate indifference.

As a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm. See, Elrod v. Burns, 427 U.S. 347, 373 96 S.Ct 2673 (1976). The Supreme Court in Estelle suggested a range of medical needs that

(7)

would be serious enough to require medical attention as a matter of constitutional right. "In the worse cases, [failure to treat an inmate's medical needs] may actually produce physical torture or a lingering death, the evils of most immediate concern to the drafters of the amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggest would serve any penological purpose. The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency." ... 429 U.S. at 103, 97 S.Ct at 290 (citations and quotations omitted). "Prisoners must not be forced to endure needless suffering from the painful and untreated effects of an accident or serious illness." Estelle, 429 U.S. at 105, 97 S.Ct at 291. "A condition need not be life threatening to be deemed serious. See, Brown v. Hughes, 894 F.2d 1533 (11th Cir. 1990).

In addition, plaintiff cannot walk, or stand without having to endure pain and discomfort, which hurts his daily activities. If plaintiff does not receive proper treatment, the scars are not likely to ever heal.

(10)

The defendant's by law may not, act with deliberate indifference to the deprivation of a basic human need. See, FARMER v. BREWAN, 511 U.S. 825 (1994)

B. _The balance of hardship favors the plaintiff:_

In deciding whether to grant TRO's and preliminary injunctions, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. The threat of harm to the plaintiff outweighs any harm that might result to defendants by a TRO or injunction. As this memorandum has explained, plaintiff is a diabetic, who medically must receive necessary medical treatment pertaining to foot-exams, and properly foot-wear. Defendants have refused, even regardless of a Class Action Settlement between the medical provider and A.D.O.C in Michael Gaddis et al., v. Donald Campbell, CV-03-T-390-N (M.D. Ala. 2003) pertaining to "Diabetic Inmates" Prison Health Services, Inc, are not new to the court denying medical care to prisoners.

(11)

In _Arcata_ v. _Prison Health Services, Inc_, the Court
held "Defendants failed to provide even the
level of diagnostic care that they themselves
believed necessary. The knowledge of the
need for medical care and intentional
refusal to provide that care has consistently
been held to surpass negligence and
constitute deliberate indifference" Id.
969 F. 2d 200 (11th Cir. 1985).

Nonetheless, Exhibit "A" 2/8/07 clearly
shows that B. Adams Nurse Practioner prescribed
plaintiff to receive a different pair of
shoes. Exhibit "E" clearly shows that
Linda Lawrence is aware of the lawsuit
"Settlement Agreement" pertaining to "Diabetic
Inmates". Exhibit "D" clearly shows defendants
know plaintiff __cannot walk__, defendants
stated on 10/6/06 "__needs cane__". Exhibit
"   " reflects "__wheelchair__." In _Ramos_ v.
_Lam_, 639 F. 2d 559, 575 (10th Co. 1980) cert denied,
450 U.S. 1041, 101 S.ct 1259, 68 L. Ed 2d 239 (1981)
the court said: "Deliberate indifference to
serious medical needs is shown when prison
officials have prevented an inmate from
receiving recommended treatment or when
an inmate is denied access to medical

(12)

personnel capable of evaluating the need for Treatment. Preliminary injunctive relief is appropriate to correct this ongoing constitutional violation.

C. The plaintiff is likely to succeed on the merits.

In the Seventh Circuit, the threshold for showing a reasonable likelihood of success is low. Plaintiff is pro se and he only need to demonstrate a "better than negligible chance of succeeding." See Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999). What defendants have done -- "intentionally [denying] interfering with [medical] treatment once prescribed" -- was specifically singled out by the Supreme Court as an example of unconstitutional "deliberate indifference" to prisoner's medical needs." Estelle v. Gamble, 429 U.S. 97; see also, Washington v. Dugger, 860 F.2d 1018, 1021 (11th Cir. 1988).

D. The relief sought will serve the public interest

In this case the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey

(13)

the law. Dupar v. Avago, 642 F.Supp 510, 521 (D.N.M. 1980)(Respect for law, particularly by officials responsible for the administration of the state's correctional system, is in itself a matter of the highest public interest.) See also, Llewelyn v. Oakland County Prosecutor's Office, 402 F.Supp 1379, 1393 (E.D. Mich 1975)("the Constitution is the ultimate expression of the public interest").

## POINT II

### THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY;

Usually a litigant who obtains interim injunctive relief is asked to post security Rule 65(c) Fed.R.Civ.P., however the plaintiff is an indigent prisoner and is unable to post security. In view of the serious medical danger confronting the plaintiff, the court should grant the relief requested without requiring the posting of security.

(14)

DECLARATION IN SUPPORT OF PLAINTIFF'S
MOTION FOR A TEMPORARY RESTRAINING
ORDER AND/OR PRELIMINARY INJUNCTION.

Wiley McBee, A/s, 248056 declares under the
penalty of perjury 28 U.S.C. 1746 the following:

1) I am the Plaintiff in this case. I make this declaration
in support of my motion for a 1) Temporary
Restraining order And/or 2) Preliminary injunction,
to ensure that I Receive Necessary Medical care.

2) I am a 26 year old man. I've had a stroke, two
back Surgies, colon cancer, knee Replacement,
I am a Diabetic. I have swollen feet
with soars on them due to my illness.
I cannot walk or stand without pain.
I was going to treatment here at Kilby
prison for my feet. Medical stopped
the treatment, and I do not know why.
At foot treatment several nurses told
me I need 'special shoes' for my feet.

3) I went to sick-call, and the nurse practitioner
Said I need Shoes, but A.D.O.C,
must approve it first.

(15)

2) I asked the Nurse practioner for diabetic Shoes, And he told me Dr. Robbins said No, and they will not provide Any Shoes for me.

3. I spoke with both Linda Lawrence And B. Adams on 2/21/07. B. Adams said "We can cut your toes off or, cut your Shoes". Ms. Lawrence told me, "I will not get any shoes, we don't have to do it.

6 Today, I cannot walk or stand without pain and discomfort due to the sores on my feet

I swear that the foregoing is true and correct under the penalty of perjury. 28 U.S.C. 1746. This 27th DAY February, 2007.

Wiley Mcbee Ais. 248056
P.O. Box 150
Mt. Meigs, AL 36057.

(16)

W. McGee

toe and sores on the toes of my left foot off and on. A few months (app. 3) I was going to pink slip treatment daily for some of these sores. During these treatments various different nurses on duty told me I needed different shoes. I was able to get a pair of velcro strap shoes from a friend and got out of the lace-up state issue shoes. Still these nurses told me I need different shoes. After a number of trips to sick call Dr. (Nurse practitioner) Adams wrote me a pink slip for different shoes if ADOC approved them. I told Mr. Adams I could not afford shoes. I also informed him after he spoke to Dr. Robbins, that I had no family to send me shoes. Mr. Adams told me to speak to the Captain. Which I did on Feb 9th. At which time Captain Bolling called Mr. Adams who then reported to Captain Bolling's office and explained that Dr. Robbins said Medical would not supply Mr. McGee with shoes. Captain Bolling told Mr. Adams and myself (McGee) that he would speak to Ms Lawrence about this matter and then he would get back to me (McGee) I have yet to hear any word on my recieving some type of shoes that would help prevent the swelling and open sores appearing on my foot (left) I am a diabetic and any type of infection especially on my feet, or any diabetic's feet is very dangerous as most any one knows. I swear under penalty of perjury 28 U.S.C. 1746, true and correct.

W. E. McGee

Wilie. E. McGee, 248056.

# EXHIBIT
# A



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

Exhibit
"A"
192

# PRISON HEALTH SERVICES, INC.
## SICK CALL REQUEST

Print Name: Wylie McGee                         Date of Request: 2/6/07
ID # 248056                          Date of Birth: 3/1/30   Location: A-12A
Nature of problem or request: I NEED to SEE SOMEONE about my
left foot and leg. I was told on a previous visit that medical
would check on some orthopedic-diabetic shoes for me to help
with continued swelling of my left foot.

_____
Signature   W. P. McGee

## DO NOT WRITE BELOW THIS LINE

Date: ___/___/___
Time: _____ AM PM
Allergies: _____

| RECEIVED |
| --- |
| Date: |
| Time: |
| Receiving Nurse Intials _____ |

(S)ubjective:

(O)bjective  (V/S):  T: 98⁰   P: 66   R: 20   BP: 150/70   WT: 203

(A)ssessment:

(P)lan:        98⁰

Refer to:   MD/PA   Mental Health   Dental   Daily Treatment      Return to Clinic PRN
CIRCLE ONE
Check One:  ROUTINE ( )   EMERGENCY ( )
If Emergency was PHS supervisor notified:   Yes ( )   No ( )
Was MD/PA on call notified:   Yes ( )   No ( )

_____
SIGNATURE AND TITLE

WHITE:    INMATES MEDICAL FILE
YELLOW:  INMATE RETAINS COPY AFTER NURSE INITIALS RECEIPT

GLF-1002   (1/4)



**PRISON
HEALTH
SERVICES
INCORPORATED**

## SPECIAL NEEDS COMMUNICATION FORM

*Exhibit "A" 2 of 2*

**Date:** 2/8/07

**To:** DOC

**From:** OPC

**Inmate Name:** McGee, Wylie          **ID#:** 248056

**The following action is recommended for medical reasons:**

1. House in _____

2. Medical Isolation _____

3. Work restrictions _____

4. May have extra _____ until _____

5. Other _____

**Comments:**

Please Allow Patient to get a different
par of shoes if approved by ADOC

_____

_____

**Date:** 2/8/07     **MD Signature:** DO B. Adams cert/ Steve Tibb     **Time:** _____

60418

# EXHIBIT
# B



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# SPECIAL NEEDS COMMUNICATION FORM

*Exhibit "B"*

**Date:** 2/22/07

**To:** DOC

**From:** OPC

**Inmate Name:** Mc Geo, Wylie    **ID#:** 248056

The following action is recommended for medical reasons:

1.    House in _____

2.    Medical Isolation _____

3.    Work restrictions _____

4.    May have extra _____ until _____

5.    Other _____

**Comments:**

Slide Profile x 7days

_____

_____

_____

_____

**Date:** 2/22/07    **MD Signature:** W B Adams CRNP /    **Time:** _____
Draves, LPN

60418

# EXHIBIT C



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# SPECIAL NEEDS COMMUNICATION FORM

*Exhibit "C"*

**Date:** _5/28/06_

**To:** _DOC_

**From:** _PHS_

**Inmate Name:** _McGee, Wiley_          **ID#:** _248056_

## The following action is recommended for medical reasons:

1.   House in _____

2.   Medical Isolation _____

3.   Work restrictions _____

4.   May have extra _____ until _____

5.   Other _____

**Comments:**

_Cushion Back, wheelchair & Shower chair for_
_arthritis. @ Key Lock Profile for duration_
_of stay_

**Date:** _____  **MD Signature:** _____  **Time:** _1:08_

60418

# EXHIBIT
# D



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# SPECIAL NEEDS COMMUNICATION FORM

*Exhibit "D"*

**Date:** 10·6·06

**To:** A.D.OC

**From:** D.H.S

**Inmate Name:** McGee, Wiley          **ID#:** 218056

## The following action is recommended for medical reasons:

1.   House in _____

2.   Medical Isolation _____

3.   Work restrictions _____

4.   May have extra _____ until _____

5.   Other _____

**Comments:**

Inmate Bottom Bunk

Need Cane light duty x 90days

_____

_____

**Date:** 10·6·06   **MD Signature:** Dr. Gibbons          **Time:** 08:15 AM

60418

# EXHIBIT
# E





Exhibit "E" 1 of 2.

# SPECIAL NEEDS COMMUNICATION FORM

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

**Date:** 2/20/07

**To:** DOC

**From:** OPC

**Inmate Name:** McGee, Wylie     **ID#:** 248056

**The following action is recommended for medical reasons:**

1. House in _____

2. Medical Isolation _____

3. Work restrictions _____

4. May have extra _____ until _____

5. Other _____

**Comments:**

RETURN to Outpatient clinic
at 330pm on 2/21/07

_____

_____

**Date:** 2/20/07   **MD Signature:** DO BAdams cRNP   **Time:** _____

60418

Exhibit "E"

2 of 2

TO: Ms Linda Lawrence, Medical Administrator
Kilby Correctional Facility

From: Wylie L Mebee, Ass#
DOIM - A1-12A

DATE February 21st, 2007

RE: Diabetic Footwear

I have been prescribed by Nurse Practitioner Mr. Adams for necessary footwear. A Class Action Settle Agreement has been resolved between the medical provider and D.O.C. The Agreement states in-part pertaining to "Diabetic Insoles" as follows:

"Diabetic insoles shall receive a medically appropriate foot exam with monofilament in accordance with ADA Standards initially and as part of a regularly scheduled and formal chronic care clinic. Diabetic insoles shall be provided appropriate footwear (i.e, shoes that fit and which are able to protect their feet from injury) by the ADOC, including special orthopedic footwear prescribed

1 of 2

by a physician or nurse practitioner.
Foot disorders shall be treated with
timely referral for necessary specialty
care, and appropriate follow-up by the
facility's professional staff. Nursing
procedures ordered by medical providers
shall be provided on a schedule and
frequency as ordered."

See, Michael Boddis et al., v. Donald
Campbell CV-03-T-390-N.

I request to be provided with necessary
footwear that's been prescribed by
nurse practitioner.

Thank You!

cc
M.E. Weber.

282

EXHIBIT

F

*Kilby Medical Grievance.*

*Exhibit "F"*

**Prison Health Services**
**Inmate Informal Grievance**

McBee Wylie          248056                A-12A          1-28-07
NAME                 AIS #                  UNIT           DATE

**PART A---Inmate Complainant**

I AM A 76 year old man. I've had a Stroke, 2-back surgies, colon Cancer, knee Replacement, Diabetic with swallen feet. I was issued a wheelchair, but its been rescinded. I cannot walk well, I have fallen 2 times so far. I Request ~~my~~ A wheelchair to help Me get around without falling down. This water does Me no good. I have trouble Walking.

                                        N. E. M. Bee
                                    **INMATE SIGNATURE**

**PART B –RESPONSE**                    DATE RECEIVED  1-30-07

A wheelchair profile must be written by the medical provider - please go to sick call for an evaluation. Fill out a sick call form and go to the out patient clinic.

                                    L. Laurence  A HSA
                                    **MEDICAL STAFF SIGNATURE**

                                    1-31-07
                                    **DATE**

If resolution has not occurred and you wish to file a formal grievance you may request a grievance form from the Health Services Administrator.  Return the completed grievance form to the Health Service Administrator.

| | Y | N | | | Y | N |
|---|---|---|---|---|---|---|
| I   Dissatisfied with Quality of Medical Care | ☐ | ☐ | VI  Delay in Health Care Provided | | ☐ | ☐ |
| II  Dissatisfied with Quality of Dental Care | ☐ | ☐ | VII Problems with Medication | | ☐ | ☐ |
| III Dissatisfied with Quality of Mental Health Care | ☐ | ☐ | VIII Request to be seen | | ☐ | ☐ |
| IV Dissatisfied with Response to Non-Medical Request | ☐ | ☐ | IX  Request for Off-site Specialty Care | | ☐ | ☐ |
| V  Conduct of Healthcare Staff | ☐ | ☐ | X  Other | | ☐ | ☐ |

*Certificate of Service.*

I have placed same into the Grievance Medical Box At Kilby on this 29th day January. 2007.

                                    N. E. M. Bee
                                x   Wylie McBee

11/03 - Alabama

(cc)