IN THE  UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

WILEY E. MCGEE, #248 056              *

     Plaintiff,              *

     v.              *          2:07-CV-181-WHA
                                                (WO)

PRISON HEALTH SERVICES, INC.,      *
 *et al.*,
     Defendants.              *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the court is Plaintiff's Motion for Preliminary Injunction  under Rule 65, *Federal Rules of Civil Procedure*.  He complains that he is being denied adequate medical care.  Specifically, Plaintiff alleges that Defendants have failed to provide him with diabetic shoes or special orthopedic footwear designed to reduce pain and discomfort from sores on his feet caused by his diabetic condition.   Upon consideration of the motion for preliminary injunction, the court concludes that this motion is due to be denied.

## DISCUSSION

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ."  *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002).  The four prerequisites which Plaintiff must demonstrate are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the

harm to Plaintiff outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville,* 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

The court has carefully reviewed Plaintiff's request for a preliminary injunction and finds that he fails to meet each of the prerequisites for the issuance of a preliminary injunction. The undersigned, therefore, concludes that Plaintiff's request for a preliminary injunction should be denied.[1]

---

[1]Plaintiff's complaint with respect to his request for preliminary injunctive relief is essentially wrapped up in his civil rights action which will afford him with adequate redress for his allegations.

2

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion for  Preliminary Injunction (Doc. No. 2) be DENIED.

It is further the Recommendation of the Magistrate Judge that this case be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before **March 14, 2007** the parties shall file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a  party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th  Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

---

Inasmuch as Plaintiff has a forum for his complaint, equitable remedies, such as temporary restraining orders and/or preliminary injunctions, shall not be given.

decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of

business on September 30, 1981.

      Done, this 2nd day of March 2007.


                /s/  Terry F. Moorer
                TERRY F. MOORER
                UNITED STATES MAGISTRATE JUDGE